**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 0:26-cv-61022-EA**

**Reiniel Hernadez Sierra,**

       Plaintiff,

v.

**Markwayne Mullin,**
**Joseph B. Edlow,**
**Todd Blanche,**
**U.S. Attorney's Office, Miami,**

       Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

This cause comes before the Court on the defendants' motion to dismiss the plaintiff's complaint for mandamus relief [ECF No. 12]. In the complaint, the plaintiff seeks mandamus relief because, in the plaintiff's view, the defendants have violated the Administrative Procedures Act ("the APA") by failing to adjudicate his Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to the Cuban Adjustment Act and his derivative Form I-765, Application for Employment Authorization.

However, under the APA, agency action is not subject to judicial review if the "agency action is committed to *agency discretion* by law." 5 U.S.C. § 701(a)(2) (emphasis added); *see also Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) ("Over the years, we have read § 701(a)(2) to preclude judicial review of certain categories of administrative decisions that courts have traditionally regarded as 'committed to agency discretion.'" (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 817 (1992) (Stevens, J., concurring in part and concurring in judgment))).

The Cuban Adjustment Act plainly states that:

> Notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, *may be adjusted by the Attorney General, in his discretion* and under such regulations as he may prescribe[.]"

Cuban Adjustment Act, Pub. L. No. 89-732, 801 Stat. 1161 (codified as a historical note to 8 U.S.C. § 1255) (emphasis added).

Thus, the Cuban Adjustment Act expressly commits agency action to the discretion of the agency. Accordingly, § 701(a)(2) deprives this Court of jurisdiction to review the agency's decision to delay adjudication of his Form I-485. *See Elkins v. Moreno*, 435 U.S. 647, 667 (1978) ("[A]djustment of status is a matter of grace, not right[.]"). This also applies to the decision to delay the adjudication of his Form I-765 because "Congress has set out the Secretary's and the Attorney General's discretionary authority over the process of adjudication—*and hence the pace of adjudication*—in statutes, shielding it from judicial review." *See Beshir v. Holder*, 10 F. Supp. 3d 165, 176 (D.D.C. 2014) (emphasis added).

Therefore, it is **ORDERED AND ADJUDGED**:

1. The motion to dismiss [ECF No. 12] is **GRANTED**.

2. The complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

3. This **CASE IS CLOSED**.

4. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 6th day of July 2026.



ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Tiffany N. Browning**
Jeelani Law Firm, PLC
3701 W. Algonquin Road
Ste. 630
Rolling Meadows, IL 60008
(312) 767-9030
Email: tiffany@jeelani-law.com

**Javiera Aguilera**
The Law Offices of Geoffrey D. Ittleman, P.A.
440 N Andrews Ave
Fort Lauderdale, FL 33301
954-462-8340
Fax: 954-462-8342
Email: itsjavieraaguilera@gmail.com

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Alexander N. DerGarabedian**
US Attorney's Office
Email: alexander.dergarabedian@usdoj.gov